UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED

APR 16 2014

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

VERTAMIN, INC., )
)
    Plaintiff, )
)
v. ) Case No. 1:13-cv-01090 (LMB/IDD)
)
GRAB NETWORKS, INC., *et al.*, )
)
    Defendants. )
)

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff, Vertamin, Inc.'s ("Plaintiff's") Motion for

Default Judgment against Grab Networks, Inc. ("Grab Networks") and Grab Networks Holdings,

Inc. ("Grab Holdings") (collectively "Defendants"), pursuant to Rule 55(b)(2) of the Federal Rules

of Civil Procedure.[1] (Dkt. No. 13.) After a licensed attorney for Defendants failed to appear at the

hearing on November 15, 2013, the undersigned Magistrate Judge took this matter under

advisement to issue this Report and Recommendation. Upon consideration of the Complaint,

Plaintiff's Motion for Default Judgment and Memorandum of Law in Support of Default Judgment

("Mot. for Default J."), the supporting affidavits and documentation thereto, and relevant portions

of the underlying record, the undersigned Magistrate Judge recommends that Plaintiff's motion be

GRANTED.

---

[1] Grab Networks and Grab Holdings are the only named Defendants in this case. However, in its Complaint,
Plaintiff alleges that on August 5, 2013, Blinkx, Inc. entered into an all cash transaction with Grab Holdings to
acquire Grab Media property. (Compl. ¶ 43.) Grab Networks and Grab Holdings do business as Grab Media. (*See*
Compl.) Plaintiff alleges that Blinkx, Inc. announced the transaction through a press release. (*Id.* at 44.) Plaintiff
alleges that, in the event that Blinkx, Inc. purchased Defendants' liabilities in the transaction, Blinkx, Inc. would be
liable to Plaintiff for Defendants' contract payments. (*Id.* at 46.) Plaintiff also alleges that, in the event that Blinkx,
Inc. did not purchase Defendants' liabilities in the transaction, Blinkx, Inc. may be liable to Plaintiff for Defendants'
contract payments under common law principles of successor liability. (*Id.*) In its Motion for Default Judgment,
Plaintiff makes no mention of Blinkx, Inc. and its possible liability for the contract payment. Consequently, because
Blinkx, Inc. was not made a party in this action, the undersigned will not address Blinkx, Inc.'s possible liability in
this Report and Recommendation.

## I. **INTRODUCTION**

On August 30, 2013, Plaintiff filed a Complaint against Defendants alleging claims for breach of contract, unjust enrichment, and account stated. (Dkt. No. 1.) On September 18, 2013, Plaintiff filed a return of service with the Court, indicating that Defendants were served on September 5 and September 13, 2013. (Dkt. Nos. 4, 7.) On October 16, 2013, after Defendants failed to respond, the Honorable United States District Judge Leonie M. Brinkema ordered Plaintiff to seek and obtain default judgment. (Dkt. No. 8.) On October 21, 2013, Plaintiff requested entry of default (Dkt. No. 10), and the Clerk entered default against Defendants on October 25, 2013. (Dkt. No. 12.) On November 1, 2013, Plaintiff filed this Motion for Default Judgment (Dkt. No. 13), and the Court held a hearing on the matter on November 15, 2013. (Dkt. No. 15.) After Defendants failed to appear at the November 15, 2013 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

### A. **Jurisdiction and Venue**

This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(a)(2) because diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a Canadian corporation with its principal place of business in Ottawa, Ontario, Canada. (Compl. ¶ 2.) Defendants are Delaware corporations with their principal places of business in Dulles, Virginia. (*Id.* ¶¶ 3-4.) Thus, because the parties are diverse, and the amount in controversy exceeds $75,000, the Court has valid subject matter jurisdiction over this action. (*Id.* ¶ 5.)

This Court has personal jurisdiction over Defendants because they each have their principal places of business and conduct business in the State of Virginia. (Compl. ¶ 6.) By

2

having their principal places of business in Virginia, the State has general personal jurisdiction over the corporations. *See J. McIntyre Mach., Ltd. v. Nicastro*, 131 S.Ct. 2780, 87 ("Citizenship or domicile—or, by analogy, incorporation or principal place of business for corporations—also indicates general submission to a State's powers.") Furthermore, Defendant, Grab Networks consented to this Court's jurisdiction pursuant to a March 23, 2010 Agreement with Plaintiff. (Compl. Ex. A.)

Finally, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants have their principal places of business in this district and are, therefore, subject to the Court's personal jurisdiction in this district. Additionally, Defendant, Grab Networks consented to this Court's jurisdiction pursuant to the March 23, 2010 Agreement with Plaintiff. (Compl. Ex. A.) Accordingly, the requirements of subject matter jurisdiction, personal jurisdiction and venue are satisfied in this case.

### B. Service of Process

Under 29 U.S.C. § 1132(e)(2), service of process is proper in any district where a defendant resides or may be found. When a plaintiff fails to serve the defendant properly under federal or state law, a court lacks personal jurisdiction over the defendant and may not enter default judgment against him. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*, Fed. R. Civ. P. 4(k), (stating that "[s]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served" (quoting *Miss. Publ'g Corp. v. Murphee*, 326 U.S. 438, 444-45 (1946))); *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 249 (4th Cir. 1974) (reversing district court's entry of default judgment against a non-resident defendant union because the court lacked personal jurisdiction where the plaintiff failed to

effectively serve the union with summons and complaint).

Although § 1132(e) states where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur.  Under Rule 4(h), service upon a corporation, partnership, or other unincorporated association shall be effectuated "in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h).

On September 5, 2013, a private process server, David M. Hester, Sr., served Defendant, Grab Holdings, with a true and correct copy of the Summons, Complaint, exhibits and documents related thereto. (Dkt. No. 4.) Lisa Uttech accepted service on behalf of Defendant, Grab Holdings, as its registered agent designated to accept service. (Dkt. No. 4.) On September 13, 2013, a private process server served Defendant, Grab Networks, with a true and correct copy of the Summons, Complaint, exhibits and documents related thereto by means of delivery to the State Corporation Commission for the Commonwealth of Virginia in accordance with §§ 12.1-19.1 and 13.1-767 E of the Code of Virginia.  (Kauke Decl. ¶ 4.)  Therefore, Plaintiff properly served Defendants pursuant to Rule 4(h).

### C.  Grounds for Entry of Default

On August 30, 2013, Plaintiff filed a Complaint against Defendants alleging claims for breach of contract, unjust enrichment, and account stated. (Dkt. No. 1.)  A private process server served Defendants on September 5 and September 13, 2013. (Dkt. No. 4.) On October 16, 2013, after Defendants failed to respond, the Honorable United States District Judge Leonie M. Brinkema ordered Plaintiff to seek and obtain default and file a motion for default judgment against Defendants. (Dkt. No. 8.)   On October 21, 2013, Plaintiff filed a request for entry of

default (Dkt. No. 10), and the Clerk entered default against Defendants on October 25, 2013. (Dkt. No. 12.) On November 1, 2013, Plaintiff filed this Motion for Default Judgment. (Dkt. No. 13.) This Court held a hearing on the matter on November 15, 2013. (Dkt. No. 15.) After Defendants failed to appear at the November 15, 2013 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. <u>FINDINGS OF FACT</u>

The undersigned Magistrate Judge makes the following findings of fact based on the Complaint, the Motion for Default Judgment, and the memorandum and affidavit in support thereof.

Plaintiff is a corporation that owns over 50 websites and generates revenue through its display of online advertisements on those websites. (Compl. ¶ 8.) Two of the websites owned by Plaintiff are Gourmandia.net and Gourmandia.com. (*Id.*) The two websites provide information about cooking, restaurants, and travel, and average more than 400,000 users per day. (*Id.*) In addition to online content, Gourmandia.net and Gourmandia.com display informational videos using an online video player. (Compl. ¶ 9.) Typically, a 15 to 60-second commercial plays before each video is displayed. (*Id.*) These commercials are called "pre-rolls." (*Id.*)

Defendants are online video content providers that sell pre-rolls to website owners to display on their website.[2] (Compl. ¶ 10.) Defendants also provide an online video player to display the pre-rolls on the websites. (*Id.*) Additionally, Defendants operate a "viral distribution network" that allows member websites to share and display licensed video content. (*Id.* at 11.)

On March 23, 2010, Plaintiff and Defendants entered into a Network Affiliation Agreement ("Agreement"). (Mot. for Default J. at 11.) Plaintiff attached a genuine and

---

[2] Grab Networks is either a wholly-owned subsidiary of or the predecessor in interest to Grab Holdings. (Compl. ¶ 3.) Grab Holdings is either the parent company of or successor in interest to Grab Networks. (*Id.*)

complete copy of the Agreement to the Complaint as Exhibit A. (*See* Compl. Ex. A.) Pursuant to the Agreement, Plaintiff agreed to grant Defendants a non-exclusive license to share Plaintiff's online content on Defendants' viral distribution network, and Defendants agreed to supply Plaintiff with pre-rolls that it would display on its websites using Defendants' online video player. (*Id.*) The Agreement provided for an initial two-year term and automatic two-year renewals unless and until terminated by either party. (*Id.*) Plaintiff and Defendants agreed to share the advertising revenue that Defendants generated as a result of Plaintiff displaying the pre-rolls on its websites. (Compl. ¶ 14.) Defendants agreed to pay Plaintiff a fixed rate for every one thousand views of the pre-rolls. (*Id.*) Defendants were responsible for calculating and recording the number of views generated by the pre-rolls, and for sending reports of that data to Plaintiff. (*Id.*)

The Agreement was in effect from March 23, 2010 through July 31, 2013. (Mot. for Default J. 12.) Plaintiff performed all of its obligations under the Agreement. (Compl. ¶ 50.) Beginning in October 2012 through July 31, 2013, Defendants failed to pay the fixed rate owed each month to Plaintiff for the views of the pre-rolls. (Compl. ¶ 25.) As a result of Defendants' failure to pay Plaintiff, pursuant to their Agreement, Plaintiff stopped displaying Defendants' pre-rolls on August 1, 2013. (*Id.* at 42.) According to the reports generated by Defendants, Plaintiff is owed $1,029,494.00, plus interest, for the views of the pre-rolls that its website generated from October 2012 through July 2013. (*Id.* at 41.) Defendants have failed to pay Plaintiff the $1,029,494.00 owed. (*Id.* at 52.)

### III.   EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to

plead or otherwise defend." A defendant in default concedes the factual allegations of the complaint. *See, e.g., Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law, and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, at 664).

## A. <u>Breach of Contract</u>

Plaintiff seeks to recover under a theory of breach of contract due to Defendants' failure to pay the fixed rate owed to Plaintiff for the views of the pre-rolls from October 2012 through July 2013, pursuant to the Agreement. (Compl. ¶ 25.)

Under Virginia law, a plaintiff properly pleads a breach of contract claim where he alleges that the defendant (1) had a legally enforceable obligation, (2) materially breached that obligation, and (3) such breach caused the plaintiff damage. *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004). A plaintiff must prove damages with reasonable certainty; and contingent, speculative, or uncertain damages are not recoverable. *Sunrise Continuing Care, LLC v. Wright*, 671 S.E.2d 132, 135 (Va. 2009); *see also Ulloa v. QSP, Inc.*, 624 S.E.2d 43, 48 (Va. 2006) (stating that contracting parties may specify events or pre-conditions that, if unsatisfied, will trigger a party's right to recover for the other party's breach of their agreement as long as the terms of the agreement are not forbidden by law or public policy).

Plaintiff has alleged sufficient facts to demonstrate that the parties entered into a legally enforceable contract. (Compl. ¶ 12.) Specifically, Plaintiff alleged that on March 23, 2010, Plaintiff and Defendants entered into a Network Affiliation Agreement ("Agreement"). (Mot. for Default J. at 11.) Plaintiff attached a genuine and complete copy of the Agreement to the Complaint as Exhibit A. (*See* Compl. Ex. A.) Pursuant to the Agreement, Plaintiff agreed to grant Defendants a non-exclusive license to share Plaintiff's online content on Defendants' viral distribution network, and Defendants agreed to supply Plaintiff with pre-rolls that it would display on its websites using Defendants' online video player. (*Id.*) The parties arranged to share the advertising revenue that Defendants generated as a result of Plaintiff displaying the pre-rolls on its website, and agreed on a fixed rate for every one thousand views of the pre-rolls to be paid to Plaintiff each month. (Compl. ¶ 14.)

Plaintiff has alleged sufficient facts to establish that Defendants materially breached the Agreement. Plaintiff performed all of its obligations under the Agreement. (Compl. ¶ 50.) However, beginning in October 2012 and continuing until July 31, 2013, Defendants failed to

8

pay the fixed rate owed each month to Plaintiff for the views of the pre-rolls. (Compl. ¶ 25.) In exchange for Plaintiff displaying the pre-rolls on its websites, Defendants were obligated to make monthly payments. Failure to make the payments was a material breach of the parties' Agreement.

Plaintiff has alleged sufficient facts to establish that Defendants' breach caused Plaintiff damage. Plaintiff alleges that according to the reports generated by Defendants, Plaintiff is owed $1,029,494.00, plus interest, for the views of the pre-rolls that its website generated from October 2012 through July 2013. (*Id.* at 41.) Defendants have failed to pay Plaintiff the amount owed. (*Id.* at 52.) These damages are not speculative and can be proven with reasonable certainty. In its Complaint, Plaintiff details the specific amounts owed each month from October 2012 to July 2013. (Compl. ¶¶ 26-36.) In sum, the undersigned finds that Plaintiff has alleged sufficient facts to support its breach of contract claim against Defendants with regards to the amount owed to Plaintiff for the views of the pre-rolls from October 2012 through July 2013.

## B. Unjust Enrichment

Plaintiff seeks to recover under an unjust enrichment claim relating to Defendants' retention of benefits resulting from Plaintiff's display of Defendants' pre-rolls on its websites, and Defendants' failure to pay the fixed rate owed to Plaintiff for the views of the pre-rolls from October 2012 through July 2013. (Compl. ¶¶ 56-59.)

A quasi-contract is a plaintiff's remedy when the facts establish that a defendant has been unjustly enriched at the expense of the plaintiff, but where the facts fail to establish that the parties entered into an agreement. *Nossen v. Hoy*, 750 F. Supp. 740, 744 (E.D. Va. 1990). Under Virginia law, a plaintiff properly pleads an unjust enrichment claim by establishing three elements: (1) a benefit conferred on the defendant by the plaintiff; (2) knowledge on the part of

9

the defendant of the conferring of the benefit; and (3) acceptance or retention of the benefit by the defendant in circumstances that render it inequitable for the defendant to retain the benefit without paying for its value. *Centex Constr. v. Acstar Ins.Co.*, 448 F. Supp. 2d 697, 707 (E.D. Va. 2006) (citation omitted).

As established above, the undersigned finds that the parties entered into a legally enforceable agreement, and that a remedy is appropriate under a breach of contract claim. Thus, because the parties did enter into a valid contract, a remedy under unjust enrichment (or quasi-contract) is unnecessary.

## C. Account Stated

Plaintiff seeks to recover under an account stated claim relating to Defendants' failure to pay the fixed rate owed to Plaintiff for the views of the pre-rolls reported monthly by Defendant from October 2012 through July 2013. (Compl. ¶¶ 61-65.)

"[A] settled account sets forth a cause of action in Virginia." *Quadriga Art, Inc. v. Law Enforcement Alliance of America*, 70 Va. Cir. 99, 99-100 (2005). Specifically, "[an] account is presumed to be settled via an implied admission where a party retains, 'for a long time, without objection, the account of the other party, which has been presented to him, showing a balance against him.'" *Id.* at 100 (citing *Watson v. Lyle's Adm'r*, 31 Va. 236, 249 (1833)).

As established above, the undersigned finds that the parties entered into a legally enforceable agreement, and that a remedy is appropriate under a breach of contract claim. Thus, because the Plaintiff is entitled to its full damages under a theory of breach of contract, a remedy under account stated is unnecessary.

## IV. **REQUESTED RELIEF**

### A. **Damages**

The case law in this district provides that, in default cases, "there can be no recovery over the amount pled in the complaint, and that the complaint must pray for a specific monetary amount." Sheet Metal Workers' Nat'l Pension Fund v. Frank Torrone & Sons, Inc., No. 1:04-cv-1109, 2005 WL 1432786, at *8 (E.D. Va. June 1, 2005); see also Cumberlander v. KCL Site Servs., LLC, No. 08-994, 2009 WL 4927144, at *9 (E.D. Va. Dec. 17, 2009). In both its Complaint and Motion for Default Judgment, Plaintiff seeks $1,029,494.00, plus interest. Upon review of Plaintiff's Complaint, Motion for Default Judgment, and exhibits, this Court finds that Plaintiff has provided a sufficient basis to award damages in the amount of $1,029,494.00.

Plaintiff also seeks an award of the costs incurred in bringing this action, and any additional relief this Court deems appropriate. (Compl. (C)-(F).) In its Motion for Default Judgment, Plaintiff specifically requests costs in the amount of $656.79. (Mot. for Default J. at 15.) In support of this request for costs, Plaintiff submitted the Declaration of Joshua S. Kauke, which provided an itemized list of the costs incurred in bringing the action. (Kauke Decl. ¶ 12.) The "American" rule "requires each party to bear its own litigation costs, including attorney's fees." *United Food & Comm. Workers v. Marval Poultry Co.*, 876 F.2d 346, 350 (4th Cir. 1989). The Agreement between the parties makes no mention of costs in the event of litigation; therefore, the "American" rule will apply. (*See* Compl. Ex. A.)

Based on the underlying record, the undersigned finds that an award of $1,029,494.00, plus interest, is appropriate.

### B. **Pre-Judgment Interest**

Virginia law governs the award of pre-judgment interest in diversity cases. *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999) (citation omitted). Virginia

11

Code § 8.01-382 provides that a district court "may provide for interest on any principal sum awarded, or any part thereof, and fix the period at which the interest shall commence." Whether to award pre-judgment interest is within the sound discretion of the district court. *Hitachi*, 166 F.3d at 633; *accord Dairyland Ins. Co. v. Douthat*, 248 Va. 627, 631, 449 S.E.2d 799, 801 (1994). Based on the underlying record and circumstances of this case, the undersigned finds that an award of pre-judgment interest is appropriate in this case. Accordingly, the undersigned recommends an award of pre-judgment interest on $1,029,494.00 at the rate of six percent per annum to be calculated from July 31, 2013.

## C. Post-Judgment Interest

In a diversity case, awards of post-judgment interest are governed by federal law. *Hitachi*, 166 F.3d at 633 (citing *Forest Sales Corp. v. Bedingfield*, 881 F.2d 111, 113 (4th Cir. 1989)). The applicable federal statute provides, in relevant part, that

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

28 U.S.C. § 1961(a). As a matter of law, Plaintiff is entitled to an award of post-judgment interest, *Hitachi*, 166 F.3d at 633, and therefore, the undersigned recommends such an award pursuant to 28 U.S.C. § 1961(a).

## V. RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends that Plaintiff's Motion for Default Judgment be GRANTED, and default judgment be entered in favor of Plaintiff and against Defendants. Accordingly, the undersigned Magistrate Judge recommends that an order be entered awarding Plaintiff damages in the amount of

$1,029,494.00, plus pre-judgment interest at the Virginia statutory rate from July 31, 2013, and post judgment interest at the legal rate.

## VI.  NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified as follows.  Objections to this Report and Recommendation must, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, be filed within fourteen (14) days of service on you of this Report and Recommendation.  A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record, to Defendants, and to the Authorized Agent of Defendants at the following addresses:

Lisa Uttech, Authorized Agent
4701 Cox Road, #301
Glen Allen, VA 23060

Grab Networks, Inc., d/b/a Grab Media
21000 Atlantic Blvd, 6th Fl.
Dulles, Virginia 20166

Grab Networks Holdings, Inc., d/b/a Grab Media
21000 Atlantic Blvd, 6th Fl.
Dulles, Virginia 20166

/s/

Ivan D. Davis
United States Magistrate Judge

April 16, 2014
Alexandria, Virginia